McQuain, Elise N.
___

| | |
|---|---|
| **From:** | Jordan Laird <jordan@laird-law.com> |
| **Sent:** | Tuesday, April 15, 2025 3:36 PM |
| **To:** | McQuain, Elise N. |
| **Cc:** | George Sidiropolis |
| **Subject:** | Setcavage Supplemental Report |
| **Attachments:** | SidiropolisKreitzer4.15Supplement.pdf |
| | |
| **Categories:** | Filed to ND |
| **FilingIndicator:** | -1 |

Jordan M. Laird, Esq.
**LAIRD LAW, PLLC**
2 22nd Street, Suite 202
Wheeling, WV 26003
Phone (304) 551-2800
Fax (304) 250-1282



Please note we are a paperless office. It is preferred that you communicate with us by email, but if you must send by mail, please send it to the physical address above.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**EXHIBIT C**

# SETCAVAGE CONSULTING LLC

PITTSBURGH, PENNSYLVANIA
STU@SETCAVAGE.COM
(412) 260-4908

April 15, 2025

George N. Sidiropolis, Esquire
Flanigan Legal, PLLC
1140 Main Street, 4th Floor
Wheeling, WV 26003

      *RE:  Maura Anne Kreitzer v. Safeco Insurance Company of America, Liberty Mutual Insurance Company, and Marisa Culbertson, Civil Action No. 5:22-CV-312, In the United States District Court for The Northern District of West Virginia Wheeling*

Dear Mr. Sidiropolis:

The following supplemental report is based upon new information and testimony from Safeco's Rule 30(b)(6) witness Aaron Pickel who testified on April 14, 2025.   You have also provided me with the UIM selection/rejection forms, Safeco – 000015-17, Safeco – 000111-121, and Safeco – 000082.

These documents reflect that the insured's attorney told the Safeco claim handler that he was under the impression that the UIM limits were $100,000 per person. In response, he was told by Safeco's representative that the limits were lowered to $25,000 per person. The insured's counsel demanded the policy limits.[1] The insured's counsel demanded Safeco obtain the selection/rejection forms.

Setting aside the issue that there was nothing preventing Safeco from completing an adequate investigation into liability and damages since the crash of four-years ago, Maris Culbertson requested that selection/rejection forms and received those forms on November 4, 2022. The same day, Safeco issued a letter which again misrepresented the policy limits as being only $25,000, when in fact it now knew or should have known that the limits needed to be reformed based on incomplete selection/rejection forms. In the days, actually years that followed, no one from Safeco made any effort to correct the prior misrepresentation that the UIM limits were only $25,000. In fact, when Safeco

---

[1] Safeco – 000082

SETCAVAGE CONSULTING LLC

PITTSBURGH, PENNSYLVANIA
STU@SETCAVAGE.COM
(412) 260-4908

decided to pay the claim, it again represented that the limits of recovery were only $25,000, when it knew or should have known the limits were actually $100,000.

The specific industry standard that prohibits insurance companies from *"Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue"* is perhaps amongst the most egregious when it is clearly and knowingly violated, in my professional opinion.

The insured made a "policy limits" demand in the earliest days of Safeco's claim handling. Safeco did not pay the policy limits and in fact has never offered the policy limits. Safeco did, however, continuously throughout its claim handling misrepresent the policy limits to be only $25,000, and even tried to get the insured to accept $25,000 as settlement of the UIM claim.

Because the insured did not reject or select UIM coverage on the selection/rejection form there is no doubt the policy should be reformed to the amount of liability coverage ($100K).

Still another blatant misrepresentation, also knowingly made was when Safeco materially misrepresented the amount of medical specials it considered in its evaluation of the claim. Safeco represented that it considered all of the plaintiff's medical specials which totaled nearly $38,000, when in fact the evaluation form in the file indicates that Safeco only considered about $31,000.

The evaluation document in the file evaluated the claim as having a gross range of value of approximately $55,000 to $65,000. In reaching that amount, Safeco both discounted the gross medical bills which would be pleadable and recoverable at trial by $ 6,559.05. it did so based on the claim representative's speculation and conjecture that some of the treatment was not related. This was unsupported by any independent investigation or evidence developed by Safeco. Safeco additionally applied a $1,000 set-off for the amount of medical bills it paid under its medical payments coverage.[2]

According to Safeco, there was only $75,000 in coverage available from all sources ($50,000 liability + $25,000 UIM). Therefore, setting the $6,559 it did not consider in its evaluation, and the $1,000 it took as a set-off after apparently being reimbursed for

---

[2] Notably, when the tort carrier made its offer, its counsel wrote "They have authorized me to pay $45,000. This is in addition to the $1,000 they have already paid for reimbursement of your client's medical payments [coverage] lien…

## SETCAVAGE CONSULTING LLC

PITTSBURGH, PENNSYLVANIA
STU@SETCAVAGE.COM
(412) 260-4908

it, even an evaluation of $66,000, is approaching the $75,000 limit it was trying to convince everyone existed.[3]

The professional opinions contained herein are made within a reasonable degree of professional certainty and are based upon my specialized and concentrated industry experience, knowledge, training, and education obtained during my nearly 36 years in the insurance claim handling industry.

Should additional information be provided to me for review, I reserve the right to supplement this report in the future as may be necessary.


Respectfully Submitted,


*Stuart J. Setcavage*

Stuart J. Setcavage, AIC, CCLA

---

[3] The limits were misrepresented throughout this claim file, but specific examples include but are not necessarily limited to: an October 31, 2022, email to the insured's attorney from Marisa Culbertson; a November 4, 2022, letter to the insured's attorney from Culbertson; an email to the insured's counsel dated October 14, 2024, from Safeco's counsel; and in an email dated November 13, 2024, from Safeco's counsel.